IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LEE ALEXANDER BROOKS, # 37279**　　　　　　　　　　　　　　　**PETITIONER**

v.　　　　　　　　　　　　　　　**CIVIL ACTION NO. 5:13-cv-190-DCB-MTP**

**SAM WINCHESTER**　　　　　　　　　　　　　　　　　　　　　　**RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of Lee Alexander Brooks for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254, and Respondent's Motion to Dismiss [5] pursuant to § 2244(d). Having considered the submissions of the parties, along with documents made a part of the record of this case and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [5] be granted and that the Petition [1] be dismissed with prejudice.

PROCEDURAL HISTORY

On July 31, 2008, Petitioner pled guilty to two separate counts of burglary of a dwelling in the Circuit Court of Adams County, Mississippi, Cause Number 08-KR-73. He was sentenced on July 31, 2008, to serve twenty-five years in the Mississippi Department of Corrections ("MDOC") on each count, concurrent, and after having served twenty (20) years of said sentence, to serve the five-year balance on post-release supervision. *See* Guilty Plea Transcript, Ex. A to Motion [5-2]; *see also* Guilty Plea and Sentencing Order, Ex. B to Motion [5-2].

Petitioner signed a motion for post-conviction collateral relief, styled "Motion to Vacate and Set Aside Sentence and Conviction" on May 28, 2010. The motion was filed in the Adams County Circuit Court on June 4, 2010. *See* Motion to Vacate, Ex. C to Motion [5-3]. The trial court denied the motion on June 15, 2010. *See* Order, Ex. D to Motion [5-4]. Petitioner

appealed, and the Mississippi Court of Appeals affirmed the dismissal on November 29, 2011. Certiorari was denied on September 27, 2012. *See Brooks v. State*, 89 So. 3d 626 (Miss. Ct. App. 2011), *reh'g denied*, June 5, 2012, *cert. denied*, *Brooks v. State*, 97 So. 3d 79 (Miss. 2012), Ex. E to Motion [5-5]. The Court's mandate was entered on October 18, 2012. *See* Mandate, Ex. F to Motion [5-6].

Petitioner signed his federal Petition for Writ of Habeas Corpus [1] on September 25, 2013, and it was file-stamped on October 4, 2013. The Respondent contends that Petitioner's Petition was not timely filed and that it should be dismissed.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A);[1] *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003). Under Mississippi law, there is no direct appeal from a guilty plea. Miss. Code Ann § 99-35-101. When a guilty plea has been entered and the sentence has been ordered, the statute of limitations for filing a petition for writ of habeas corpus is triggered. Therefore, a judgment of conviction becomes final on the date of the sentencing order following a guilty plea. *Hughes v. Epps*, 2013 WL 5445741 at *2 (S.D. Miss. Sept. 4, 2013), *rep't and rec. adopted*, *Hughes v. Epps*, 2013 WL 5445692 (S.D. Miss. Sept. 30, 2013), *appeal dismissed* (5th Cir. 13-60805) (Feb. 13, 2014)[2]; *see also, Fluker v. King*, 2011 WL

---

[1]The court agrees with the Respondents' assertion that subsections C-D of § 2244(d)(1) are inapplicable in this case. The implications of Subsection B are addressed herein, *infra*.

[2]The *Hughes* court applied an exception which allowed the appeal of an illegal sentence, thereby tolling statute of limitations for additional thirty days. However, the exception is no longer applicable due to a 2008 statutory amendment. *See, e.g.*, *Barnes v. King*, 2011 WL

3876989, at *2 (S.D. Miss. July 25, 2011), *rep't and rec. adopted*, *Fluker v. King*, 2011 WL 3876987 (S.D. Miss. Aug. 31, 2011) (date of revocation hearing triggered statute of limitations).

28 U.S.C. § 2244(d)(2) provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending. However, Petitioner filed his motion for post-conviction relief at the earliest on May 28, 2010, almost ten months after the federal habeas statute of limitations had run. A motion for post-conviction relief does not toll the one-year limitations period applicable to filing for habeas relief if the petition is filed after the limitations period has expired *Id.; see also Egerton*, 334 F.3d at 435 (noting that filing state habeas application after expiration of the one-year limitations period does not toll the federal habeas limitations period).

The statute of limitations began to run on Petitioner's claim for habeas relief on July 31, 2008, the date of his Guilty Plea and Sentencing Order.[3] His deadline to file expired one year later, on July 31, 2009. Petitioner filed his Petition at the earliest on September 25, 2013, the date he signed it.[4] Filed more than three years past the deadline, his Petition is time-barred unless either equitable tolling occurred or a State action created an impediment to filing in violation of the Constitution. In case of the latter, pursuant to 28 U.S.C. § 2244(d)(1)(B), the limitation period begins to run as of the date the impediment is removed. These statute of limitations defenses are often based on the same set of facts, the latter referred to as a type of

---

6992433 at *2 n.1 (S.D. Miss. Dec. 16, 2011), *rep't and rec. adopted*, *Barnes v. King*, 2012 WL 92358 (S.D. Miss. Jan. 11, 2012) (citing *Seal v. State*, 38 So.3d 635, 638 (Miss. Ct. App. 2010).

[3] *Hughes* holds that the date of the order, as opposed to the date of filing the order, is the operative date. *Hughes*, 2013 WL 5445741 at *1-2. The instant Guilty Plea and Sentencing Order [5-2] was signed and filed on the same date, July 31, 2008.

[4] "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

"statutory tolling," and are, therefore, analyzed together. *See, e.g., Madison v. Scott*, 2011 WL 7561510 (S.D. Miss. Aug. 4, 2011) (similar analysis used for equitable tolling and "statutory tolling" under the exception to the statute of limitations carved out in 28 U.S.C. § 2244(d)(1)(B)).

Petitioner argues that the one-year statute was equitably tolled because he did not know about the one-year time limitation. He faults the State for his ignorance of the law, claiming he did not have access to a law library. *See* Petitioner's Response to Respondent's Motion [9] at pp. 3-4. Further, he asserts that he had no knowledge about how to acquire legal research information until on or after September 9, 2011, the date of a memo to inmates about how to obtain legal assistance. *See* Petitioner's Response to Respondent's Motion [9] and Memorandum, Ex. A to Petitioner's Response [9-1]. By claiming that the State prevented him from access to a law library, he has also impliedly raised a defense of "statutory tolling" under 28 U.S.C. § 2244(d)(1)(B). *See, e.g.*, *Egerton*, 334 F.3d at 436-37.

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Similarly, to prevail under the 28 U.S.C. § 2244(d)(1)(B) exception, a petitioner must show that

he was prevented from filing a petition by State action in violation of the Constitution or federal law. *Egerton*, 334 F.3d at 436.

Plaintiff claims ignorance of the law. While he admits that a lack of knowledge of the law is generally not sufficient to merit tolling, he relies on the holding in *Egerton*, 334 F.3d at 438, wherein an inmate in the Texas state prison system was denied access to legal materials. The petitioner in *Egerton* alleged that he filed numerous requests for legal materials which were denied because of his housing location. He was later moved to a facility that had a small library, but it did not have the federal materials he needed. He claimed that he was further denied books requested from other prison libraries. *Id.* at 435. On limited remand from the Fifth Circuit Court of Appeals, the magistrate judge found there was *no evidence* to support that the petitioner had any knowledge of the AEDPA before the statute of limitations expired. *Id*. at 436 (emphasis in original). The Fifth Circuit then granted a second appeal whereupon it held that the failure to provide the prisoner with a copy of the AEDPA constituted a state-created impediment. *Id*. at 438-39.

In Mississippi, however, that is not the case. "All . . . inmates in the custody of the Mississippi Department of Corrections have access to legal materials through the Inmate Legal Assistance Program." *Neal v. Bradley*, 2006 WL 2796404 at *3 (referencing affidavit of Gia N. McLeod, Director of the Inmate Legal Assistance Program("ILAP")).[5] In *Neal*, the Northern District discussed *Egerton* and noted the differences between the availability of materials to Texas prisoners and prisoners in custody of the MDOC. In Mississippi, a post-conviction packet containing an overview of federal habeas, "*including a discussion of the one-year statute of*

---

[5]Gia N. McLeod is also the person who sent and/or authored the memorandum submitted by the Petitioner with his Response [ 9-1]. She was still the Director of the ILAP as of September 9, 2011.

5

*limitations period of AEDPA*" is available to all inmates, upon request. *Id*. at *4 (emphasis in original); *see also Madison,* 2011 WL 7561510 at *3 (stating that all inmates in the custody of MDOC have access to the AEDPA). Each inmate is provided with a handbook upon entry into the MDOC which explains the procedure. *Neal*, 2006 WL 2796404 at *5. The *Neal* decision predates Petitioner's incarceration.

Petitioner seems to assert that he may not have had access to the prison legal process described in *Neal*. However, the respondent's submissions flatly refute such a suggestion. Respondent has submitted evidence to show that Petitioner was aware of the ILAP and began to utilize the ILAP as early as October 16, 2008, and that he was sent a first-step indictment packet on October 17, 2008. *See* Offender Log attached as Ex. A to Respondent's Reply [10-1]. Petitioner received legal assistance approximately twelve times before the one-year period expired. *See* [10-1].

With the ILAP in place, it cannot be said that Petitioner was denied access to legal assistance. *See Neal*, 2006 WL 2796404, at *4. Petitioner has not demonstrated rare and exceptional circumstances or shown that he was "actively misled." *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). Further, he has not demonstrated that the State prevented him from filing a petition. He has not met his burden to invoke either equitable estoppel or the State action exception under 28 U.S.C. § 2244(d)(1)(B).

Perhaps more importantly, the Petition would be untimely even if the Court were toll the statute of limitations for the reasons Petitioner asserts. Petitioner claims that he did not know "how to gain legal access until September 9, 2011...." However, the Petition was not filed until September 25, 2013, some two years later. Though the Court finds no state impediment, any

alleged impediment was removed on September 9, 2011, when Petitioner, by his own admission, became aware of the legal assistance program. Petitioner provides no basis for tolling the statute of limitations, equitable, statutory or otherwise, after September 9, 2011.  When the statute of limitations is tolled due to a state-created impediment, the statute begins to run once the state impediment is removed.  28 U.S.C. § 2244(d)(1)(B).  Thus, if Petitioner's argument is accepted, the statute ran on September 9, 2012; and his Petition would remain untimely by more than one year.

Petitioner additionally submits that it would be a miscarriage of justice to dismiss his claim as time-barred because he has produced evidence of "blatant" constitutional violations. Petitioner's Response [9] at pp. 3-5. He avers that he was denied effective assistance of counsel and that his statements to the sheriff were coerced. [9] at pp. 4-5. He cites no authority for his position that the statute of limitations should be disregarded based on his earnest belief that the Petition has merit. The Court finds no merit in this argument.

## CONCLUSION

Petitioner's state court conviction became final on July 31, 2008.  Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), he had until July 31, 2009, at the latest, to file a federal petition for a writ of habeas corpus. It is the opinion of the undersigned that Petitioner has failed to meet his burden of proving that equitable tolling is appropriate, or that a State action created an impediment to filing.  The Court concludes that because Petitioner did not file his federal Petition until September 25, 2013 at the earliest, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Respondents' Motion


to Dismiss [5] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 14th day of May, 2014.

s/ Michael T. Parker
United States Magistrate Judge